# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3583

_____

United States of America,     *
    *
       Appellee,     *    Appeal from the United States
    *    District Court for the
    v.     *    District of North Dakota.
    *
Burdon Fabron Lester,     *    [UNPUBLISHED]
    *
       Appellant.     *


_____

Submitted: June 10, 2008
Filed: July 10, 2008

_____

Before SMITH, BOWMAN and GRUENDER Circuit Judges.

_____

PER CURIAM.

Burdon Fabron Lester was convicted after a jury trial of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. The district court[1] sentenced him to 51 months' imprisonment. Lester appeals his conviction, arguing that the evidence was insufficient to sustain the jury's verdict. We affirm.

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

On March 23, 2007, Lester and his brother, Charles, went to the home of Chandler and Patty Dwarf. Patty was the Lesters' sister, and she and her husband lived in Cannon Ball, North Dakota, on the Standing Rock Indian Reservation. Lester and Chandler consumed alcohol over several hours, and Charles eventually left. A verbal dispute erupted between Lester and Chandler over Chandler's treatment of Patty. Lester left the Dwarfs and visited their neighbor, Lyman Black Cloud. The dispute continued in the yard between the Dwarfs' home and Black Cloud's home as Lester and Chandler yelled at each other. Black Cloud and Patty observed that Chandler had something "shiny" in his hand while he was standing on his porch. Chandler pushed Patty to the ground, and Lester approached Chandler. The two men met in the middle of the yard and continued yelling at each other. Black Cloud and Patty both claimed that Chandler did not have a knife at this point. Chandler also testified that he did not have a knife during the encounter.

Lester and Chandler began to fight while Black Cloud attempted to intervene. Chandler felt a scratch across his face and saw a large amount of blood on his shirt. Black Cloud then noticed that Lester was holding a knife. Neither Black Cloud nor Patty saw Chandler holding a knife after the encounter. Chandler was hospitalized, and the scratch he received during the fight required twenty-seven stitches and resulted in a permanent scar. Lester fled to the nearby city of Solen and hid from police until he was arrested.

At trial, Lester testified that Chandler first revealed a knife and initially swung at Lester five or six times. Lester said he then pulled a flip-type knife from his belt and slashed at Chandler, asserting that he did not intend to strike Chandler. Instead, Chandler ran into the knife as Lester swung at him. Lester testified that he gave his knife to Black Cloud to hide after the incident.

In the statement of issues section of his brief, Lester identifies as an issue whether the Government failed to present sufficient evidence to the jury to sustain his two convictions. The statement of issues lists four cases as the most apposite cases,

but the corresponding argument section of his brief then simply recites the facts, making no argument whatsoever contesting the sufficiency of the evidence. The argument section also cites no case law. "[U]ndeveloped issues perfunctorily aver[r]ed to in an appellate brief are waived." *United States v. McAdory*, 501 F.3d 868, 870 n.3 (8th Cir. 2007) (citation omitted). Accordingly, we find that any argument regarding the sufficiency of the evidence to support the conviction is waived. Even if we were inclined to address it, we would find that there was sufficient evidence to sustain the convictions.

Lester's brief does, however, argue that the Government failed to present sufficient evidence to the jury that he did not act in self-defense. "We review de novo the sufficiency of the evidence and view the evidence in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." *United States v. Spears*, 454 F.3d 830, 832 (8th Cir. 2006) (italics omitted). "[W]e do not weigh the evidence or assess the credibility of the witnesses." *Id.* "Instead, the jury has sole responsibility for resolving conflicts or contradictions in testimony, and we must resolve credibility issues in favor of the verdict." *Id.*

Once a defendant produces evidence on the issue of self-defense, the Government must prove beyond a reasonable doubt that the defendant did not act in self-defense. *United States v. Milk*, 447 F.3d 593, 598 (8th Cir. 2006). In this case, the district court instructed the jury:

> I[f] a person reasonably believes that force is necessary to protect himself from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self-defense.
>
> However, self-defense which involves using force likely to cause death or great bodily harm is justified only if the person believes that

such force is necessary to protect himself from what he reasonably believes to be a substantial risk of death or great bodily harm.

Final Instruction No. 8.

Lester claimed that Chandler swung at him with a knife before Lester pulled out his own knife in self-defense. But the jury was also presented with contradictory evidence. Although Black Cloud and Patty testified that Chandler had something "shiny" in his hand when he stood on the porch, they both testified that he did not have a knife during his encounter with Lester in the yard. Chandler also denied having a knife at any time. The jury was confronted with conflicting testimony and reasonably could have found Chandler, Patty and Black Cloud to be credible. After the scuffle, Lester gave his knife to Black Cloud to hide and fled to Solen to evade police, which a reasonable jury could infer were attempts to conceal his guilt. *See United States v. Bolzer*, 367 F.3d 1032, 1037 (8th Cir. 2004) (finding that a jury could infer that a weapon without fingerprints had been wiped down in an effort to conceal guilt). A reasonable jury could also conclude that Lester's testimony that Chandler ran into the knife was implausible. *See United States v. Timlick*, 481 F.3d 1080, 1084 (8th Cir. 2007). Although Lester presented evidence in support of self-defense, we conclude that a jury could reasonably have rejected Lester's testimony and concluded that he did not act in self-defense.

Therefore, we affirm Lester's conviction.

_____